United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41198
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE EUGENIO-SALVADOR, also known as Jose
Hernandez-Ramirez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-174
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Enrique Eugenio-Salvador (Eugenio) appeals from the sentence imposed following his guilty plea to illegal reentry. He argues for the first time on appeal that his Texas conviction for unlawful restraint did not constitute a "crime of violence" for purposes of a U.S.S.G. § 2L1.2(b)(1)(A)(ii)(2004) enhancement.

Our review is for plain error only. See United States v. Villegas, 404 F.3d 355, 358 (2005). The 16-level enhancement is to be made only if the prior offense is a violation of a statute that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

has as an element "the use, attempted use, or threatened use of physical force against the person of another." <u>United States v. Calderon-Pena</u>, 383 F.3d 254, 255 (5th Cir. 2004) (en banc). The Texas unlawful restraint statute provides for the commission of the offense in a number of different ways, some of which do not require the use, attempted use, or threatened use of physical force against a person. <u>See</u> TEX. PENAL CODE ANN. §§ 20.01 & 20.02 (Vernon 1995). Because the Texas statute does not require that such use of force be proved as an element of the offense, the district court plainly erred in assigning the 16-level enhancement. <u>See</u> <u>Calderon-Pena</u>, 383 F.3d at 259-61; <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 275 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). This error affected his substantial rights and affected the fairness and integrity of the judicial proceedings. <u>See</u> <u>Garza-Lopez</u>, 410 F.3d at 275. Accordingly, Eugenio's sentence is VACATED, and the case is REMANDED for resentencing.